## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:11CR43** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **JOHN CORSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 143). The government adopted the PSR (Filing No. 146). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the use of an alias, "Jonah G. Corson." The objection regarding the alias is denied. According to the Addendum, the Defendant objected to the use of the alias "Jonnah G. Corson." The probation officer's response states the alias was used, referring to ¶ 65 of the PSR. However, ¶ 65 of the PSR refers to the use of "Johnna G. Corson." The name "Jonah G. Corson" does not appear in the list of aliases in the final version of the PSR. The objection is denied.

The Defendant objects to his listed social security number, stating it is incorrect. The objection was not raised earlier. However, the objection will be addressed at sentencing to the extent it is relevant to the Bureau of Prisons.

The Defendant objects to ¶ 3 insofar as the paragraph sets out the beginning of the conspiracy charged in Count I of the Indictment. The Defendant pleaded guilty to Count II of the Indictment, and Count is to be dismissed at sentencing. The language in ¶ 3 tracks

the language of the Indictment.  The objection is denied for the reason stated in the Addendum to the PSR.

The Defendant objects to ¶ 27 of the PSR, which is part of the government's version of the offense.  The objection is denied because the Court is not at liberty to change the government's version of the offense.  The Defendant also objects to his name being reflected as "Jason," and the objection is denied as moot as the error was fixed.

The Defendant objects to the last two sentences in ¶ 35.  The first sentence relates to .22 ammunition found at Defendant's residence.  The objection is denied because the Court is not at liberty to change the agents's statements, and the objection does not affect the sentencing guideline calculation.  The Defendant also objects to the agent's statement that "there is no evidence the defendant possessed any firearms, nor does he have any gang ties."  The objection is denied.

The Defendant objects to the 2-level enhancement in ¶ 42 of the PSR under U.S.S.G. § 2D1.11(b)(3)(B) for hazardous waste cleanup.  The objection will be heard at sentencing.

IT IS ORDERED:

1.    The Defendant's objections to (a) his listed social security number and (b) ¶ 42 of the PSR will be heard at sentencing;

2.    Otherwise, the Defendant's objections are denied;

3.    If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the

2

submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.    Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final; and

5.    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 20th day of September, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge